UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JANE DOE S.W., an individual, | ) | Case No. 2:19-cv-1194 |
| | ) | |
| Plaintiff | ) | Judge Marbley |
| | ) | Magistrate Judge Devers |
| | ) | |
| vs. | ) | **DEFENDANT'S BAPA ASSOCIATES, INC.** |
| | ) | **dba MOTEL 9'S ANSWER** |
| LORAIN-ELYRIA MOTEL, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

The defendant, BAPA Associates, Inc. dba Motel 9 ("Motel 9") respectfully submits the following as its Answer to Plaintiff's Complaint filed on March 29, 2019:

## INTRODUCTION

1. Denies the allegations in paragraph 1 for lack of sufficient knowledge.

2. Denies the allegations in paragraph 2 for lack of sufficient knowledge.

3. Denies the allegations in paragraph 3 as to itself, and denies the allegations as to Economy Inn for lack of sufficient knowledge.

4. Denies the allegations in paragraph 4 for lack of sufficient knowledge.

5. Denies the allegations in paragraph 5 for lack of sufficient knowledge.

6. Admits the Plaintiff is bringing this action pursuant to 18 U.S.C. § 1595, but denies the remaining allegations in paragraph 6 as to itself and for lack of sufficient knowledge as to the other defendants..

## JURISDICTION AND VENUE

7. Admits the allegations in paragraph 7.

8. Admits venue is proper in this judicial district but denies the remaining the allegations in paragraph 8.

## PARTIES

9. Restates and incorporates its prior allegations in the preceding paragraphs.

10. Denies the allegations in paragraph 10 for lack of sufficient knowledge.

11. Denies the allegations in paragraph 11 for lack of sufficient knowledge.

12. Denies the allegations in paragraph 12 for lack of sufficient knowledge.

13. Denies the allegations in paragraph 13 for lack of sufficient knowledge.

14. Denies the allegations in paragraph 14 for lack of sufficient knowledge.

15. Denies the allegations in paragraph 15 for lack of sufficient knowledge.

16. Admits generally the allegations in paragraph 16, but denies the allegations in paragraph 16 as to whether Plaintiff was trafficked for sex for lack of sufficient knowledge.

17. Admits under paragraph 17 it was affiliated with Howard Johnson in Ohio in the past, but denies it continues to be affiliated.

## ALLEGATIONS

### I. THE HOSPITALITY INDUSTRY'S PARTICIPATION IN THE NATIONAL SEX TRAFFICKING EPIDEMIC

18. Restates and incorporates its prior allegations in the preceding paragraphs.

19. Denies the allegations in paragraph 19 for lack of sufficient knowledge.

20. Denies the allegations in paragraph 20 for lack of sufficient knowledge.

21. Denies the allegations in paragraph 21 for lack of sufficient knowledge.

22. Denies the allegations in paragraph 22 for lack of sufficient knowledge.

23. Denies the allegations in paragraph 23 for lack of sufficient knowledge.

24. Denies the allegations in paragraph 24 for lack of sufficient knowledge.

25. Denies the allegations in paragraph 25 for lack of sufficient knowledge.

26. Denies the allegations in paragraph 26 for lack of sufficient knowledge.

27. Denies the allegations in paragraph 27 for lack of sufficient knowledge.

28. Denies the allegations in paragraph 28 for lack of sufficient knowledge.

29. Denies the allegations in paragraph 29 for lack of sufficient knowledge.

30. Denies the allegations in paragraph 30 for lack of sufficient knowledge.

31. Denies the allegations in paragraph 31 for lack of sufficient knowledge.

32. Denies the allegations in paragraph 32 for lack of sufficient knowledge.

33. Denies the allegations in paragraph 33 for lack of sufficient knowledge.

34. Denies the allegations in paragraph 34 for lack of sufficient knowledge.

35. Denies the allegations in paragraph 35 for lack of sufficient knowledge.

36. Denies the allegations in paragraph 36 for lack of sufficient knowledge.

37. Denies the allegations in paragraph 37 for lack of sufficient knowledge.

38. Denies the allegations in paragraph 38 for lack of sufficient knowledge.

39. Denies the allegations in paragraph 39 for lack of sufficient knowledge.

40. Denies the allegations in paragraph 40 for lack of sufficient knowledge.

41. Denies the allegations in paragraph 41 for lack of sufficient knowledge.

42. Denies the allegations in paragraph 42 for lack of sufficient knowledge.

43. Denies the allegations in paragraph 43 for lack of sufficient knowledge.

44. Denies the allegations in paragraph 44 for lack of sufficient knowledge.

45. Denies the allegations in paragraph 45 for lack of sufficient knowledge.

46. Denies the allegations in paragraph 46 for lack of sufficient knowledge.

47. Denies the allegations in paragraph 47 for lack of sufficient knowledge.

48. Denies the allegations in paragraph 48 for lack of sufficient knowledge.

**II.     THE SEX TRAFFICKING OF JANE DOE S.W.**

49. Denies the allegations in paragraph 49 for lack of sufficient knowledge.

50. Denies the allegations in paragraph 50 for lack of sufficient knowledge.

51. Denies the allegations in paragraph 51 for lack of sufficient knowledge.

52. Denies the allegations in paragraph 52 for lack of sufficient knowledge.

53. Denies the allegations in paragraph 53 for lack of sufficient knowledge.

54. Denies the allegations in paragraph 54 for lack of sufficient knowledge.

55. Denies the allegations in paragraph 55 for lack of sufficient knowledge.

56. Denies the allegations in paragraph 56 for lack of sufficient knowledge.

57. Denies the allegations in paragraph 57 for lack of sufficient knowledge.

### III. BEST WESTERN'S WILLFUL BLINDNESS TO HUMAN TRAFFICKING AT ITS HOTELS AND PROPERTIES

58. Restates and incorporates its prior allegations in the preceding paragraphs.

59. Denies the allegations in paragraph 59 for lack of sufficient knowledge.

60. Denies the allegations in paragraph 60 for lack of sufficient knowledge.

61. Denies the allegations in paragraph 61 for lack of sufficient knowledge.

62. Denies the allegations in paragraph 62 for lack of sufficient knowledge.

63. Denies the allegations in paragraph 63 for lack of sufficient knowledge.

64. Denies the allegations in paragraph 64 for lack of sufficient knowledge.

65. Denies the allegations in paragraph 65 for lack of sufficient knowledge.

66. Denies the allegations in paragraph 66 for lack of sufficient knowledge.

67. Denies the allegations in paragraph 67 for lack of sufficient knowledge.

68. Denies the allegations in paragraph 68 for lack of sufficient knowledge.

69. Denies the allegations in paragraph 69 for lack of sufficient knowledge.

70. Denies the allegations in paragraph 70 for lack of sufficient knowledge.

71. Denies the allegations in paragraph 71 for lack of sufficient knowledge.

72. Denies the allegations in paragraph 72 for lack of sufficient knowledge.

73. Denies the allegations in paragraph 73 for lack of sufficient knowledge.

74. Denies the allegations in paragraph 74 for lack of sufficient knowledge.

75. Denies the allegations in paragraph 75 for lack of sufficient knowledge.

76. Denies the allegations in paragraph 76for lack of sufficient knowledge.

77. Denies the allegations in paragraph 77 for lack of sufficient knowledge.

78. Denies the allegations in paragraph 78 for lack of sufficient knowledge.

79. Denies the allegations in paragraph 79 for lack of sufficient knowledge.

IV. **MOTEL 9'S WILLFUL BLINDNESS TO HUMAN TRAFFICKING AT ITS PROPERTY**

80. Restates and incorporates its prior allegations in the preceding paragraphs.

81. Denies the allegations in paragraph 81 for lack of sufficient knowledge.

82. Denies the allegations in paragraph 82 for lack of sufficient knowledge.

83. Denies the allegations in paragraph 83 for lack of sufficient knowledge.

V. **ECONOMY INN'S WILLFUL BLINDESS TO HUMAN TRAFFICKING AT ITS PROPERTY**

84. Denies the allegations in paragraph 84 for lack of sufficient knowledge.

85. Denies the allegations in paragraph 85 for lack of sufficient knowledge.

**CAUSE OF ACTION**

**COUNT ONE**
**VIOLATION OF THE TVPRA, 18 U.S.C. § 1595**
(Against All Defendants)

86. Restates and incorporates its prior allegations in the preceding paragraphs.

87. Denies the allegations in paragraph 87 for lack of sufficient knowledge.

88. Denies the allegations in paragraph 88 for lack of sufficient knowledge.

89. Denies the allegations in paragraph 89 for lack of sufficient knowledge.

90. Denies the allegations in paragraph 90 for lack of sufficient knowledge.

**COUNT TWO**
**NEGLIGENCE**
(Against All Defendants)

91. Restates and incorporates its prior allegations in the preceding paragraphs.

92. Denies the allegations in paragraph 92 for lack of sufficient knowledge.

93. Denies the allegations in paragraph 93 for lack of sufficient knowledge.

94. Admits it hired staff to operate its hotel, but denies the remaining allegations in paragraph 94 for lack of sufficient knowledge.

95. Denies the allegations in paragraph 95 for lack of sufficient knowledge.

96. Denies the allegations in paragraph 96 for lack of sufficient knowledge.

97. Denies the allegations in paragraph 97 for lack of sufficient knowledge.

98. Denies the allegations in paragraph 98 for lack of sufficient knowledge.

99. Denies the allegations in paragraph 99 for lack of sufficient knowledge.

100. Denies the allegations in paragraph 100 for lack of sufficient knowledge.

101. Denies the allegations in paragraph 101 for lack of sufficient knowledge.

**COUNT THREE**
NEGLIGENCE - PREMISES LIABILITY
(Against All Defendants)

102. Restates and incorporates its prior allegations in the preceding paragraphs.

103. Denies the allegations in paragraph 103 for lack of sufficient knowledge.

104. Denies the allegations in paragraph 104 for lack of sufficient knowledge.

105. Denies the allegations in paragraph 105 for lack of sufficient knowledge.

106. Denies the allegations in paragraph 106 for lack of sufficient knowledge.

107. Denies the allegations in paragraph 107 for lack of sufficient knowledge.

108. Denies the allegations in paragraph 108 for lack of sufficient knowledge.

109. Denies the allegations in paragraph 109 for lack of sufficient knowledge.

110. Denies the allegations in paragraph 110 for lack of sufficient knowledge.

111. Denies the allegations in paragraph 111 for lack of sufficient knowledge.

**COUNT FOUR**
UNJUST ENRICHMENT
(Against All Defendants)

112. Restates and incorporates its prior allegations in the preceding paragraphs.

113. Denies the allegations in paragraph 113 for lack of sufficient knowledge.

114. Denies the allegations in paragraph 114 for lack of sufficient knowledge.

115. Denies the allegations in paragraph 115 for lack of sufficient knowledge.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Her claims are barred by the doctrine of estoppel.

3. Her claims are barred by the doctrine of laches.

4. Her claims are barred by the doctrine of statute of limitations.

5. Her claims are barred by the doctrine of failure of consideration.

6. Her claims are barred by the doctrine of unclean hands.

7. Her claims are barred by the doctrine of waiver.

8. Her claims are barred by the failure to mitigate damages.

9. Her claims are barred for failing to exhaust administrative or other remedies.

10. Her claims are barred by the doctrine of assumption of risk.

11. Her claims are barred by the doctrine of contributory negligence.

12. Her claims are barred by the doctrine of illegality.

13. Her claims are barred by the doctrine of consent.

14. Plaintiff reserves the right to assert any other appropriate Affirmative Defenses subsequently discovered.

WHEREFORE, Defendant Motel 9 demands Plaintiff's complaint be dismissed at Plaintiff's costs and any other appropriate relief.

Respectfully submitted,

JONATHAN P. BLAKELY, ESQ.

/s/ Jonathan P. Blakely
Jonathan P. Blakely (# 0042550)
P.O. Box 217
Middlefield, OH 44062
(440) 339-1201
(440) 632-9091 Fax
jblakelylaw@windstream.net
*Attorney for BAPA Associates, Inc. dba Motel 9*

**CERTIFICATE OF SERVICE**

    A copy of this notice of appearance was filed electronically through the Court's ECF system which will send out notice electronically on June 26, 2019 to all parties and counsel of record.

                                                             /s/ Jonathan P. Blakely  
                                                             Jonathan P. Blakely