**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JANE DOE S.W.,** | ) CASE NO. 2:19-CV-1194 |
| Plaintiff, | ) JUDGE ALGENON L. MARBLEY |
| vs. | ) MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| **LORAIN-ELYRIA MOTEL, INC., et al.,** | ) |
| Defendants. | ) **DEFENDANT LORAIN-ELYRIA MOTEL, INC., dba BEST WESTERN INN'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Doc. 4)** |

Defendant Lorain-Elyria Motel, Inc., dba Best Western Inn does not object to Plaintiff proceeding in this lawsuit under the pseudonym "Jane Doe S.W.," provided that this privilege is not abused and that an acceptable protective order is entered. Currently, Plaintiff's proposed order is deficient in a number of respects:

- First, Plaintiff's provision to simply provide her name upon entry of an order does not necessarily permit Defendants to identify Plaintiff at all relevant times. Currently, it is unclear whether Plaintiff may have been known by other names or aliases in the past as a result of marriages or efforts to protect her identity during her alleged involvement in sex trafficking. As a result, Defendant would expand the scope of Plaintiff's obligation to ensure that Defendant receives sufficient information to identify Plaintiff at all times at issue in this litigation.

- Second, a blanket command that Defendants be required to keep Plaintiff's identity confidential would stifle Defendants' ability to properly prepare a defense. During the normal course of litigation, Plaintiff's identity will need to be disclosed to certain

persons, such as insurance adjusters, court personnel, records custodians, expert witnesses, and fact witnesses. Plaintiff's proposed order merely allows Defendants to obtain documents. Consequently, Defendants are proposing an expanded version of the confidentiality clause that still permits them to prepare a defense beyond merely obtaining documents.

- Finally, nothing in Plaintiff's proposed order addresses the imbalance of power between Plaintiff and Defendants due to Plaintiff's ability to proceed anonymously. For example, Plaintiff, while protected by anonymity, should not have unfettered license to publicly besmirch Defendant's business reputation and the reputation of its employees. Plaintiff has thus far enjoyed the benefit of anonymity, but that same luxury hasn't been afforded this Defendant, which has been falsely accused in the Complaint of reprehensible if not criminal misconduct. Even if this case, as expected, is ultimately resolved in Defendant's favor, the negative ramifications to Defendant's business and the reputations of its employees cannot be undone.

Based on these deficiencies in Plaintiff's proposed order, Defendants are finalizing a revised draft order for Plaintiff's consideration. This Defendant anticipates that the parties will be able to present to the court an agreed stipulated order within the next week.

For these reasons, Defendant Lorain-Elyria Motel requests that the Court hold Plaintiff's motion in abeyance until a proposed stipulated order can be agreed upon and submitted to the court, hopefully within the next week.

Respectfully submitted,

*/s/Kenneth A. Calderone, Eq.*
Kenneth A. Calderone, Esq. (#0046860)
John R. Chlysta, Esq. (#0059313)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Telephone: (330) 670-7324 / (330) 670-7305
Facsimile: (330) 670-7440 / (330) 670-7442
Email: kcalderone@hcplaw.net
jchlysta@hcplaw.net

**CERTIFICATE OF SERVICE**

This document was filed on September 17, 2019, using the court's CM/ECF system, which will send notification of such filing to all parties. Parties may access this document through the Court's electronic filing system. Copies of this filing were mailed to the parties not on the Court's electronic filing system.

*/s/Kenneth A. Calderone, Esq.*

<<HCP #1070035-v1>>