IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE S.W., | ) | CASE NO. 2:19-CV-1194 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE ELIZABETH |
| | ) | PRESTON DEAVERS |
| vs. | ) | |
| | ) | |
| LORAIN-ELYRIA MOTEL, INC., et al., | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of Plaintiff, Jane Doe S.W. ("Plaintiff") and Defendants, Lorain-Elyria Motel, Inc., dba Best Western Inn, Best Western International, Inc., SRI Ram, LLC, and BAPA Associates, Inc. ("Defendants") (Plaintiff and Defendants collectively referred to herein as the "Parties"), it is hereby ORDERED, pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 5.2, that:

1. Counsel for Plaintiff shall provide to counsel for Defendants Plaintiff's true identity and identifying information ("true identity") upon entry of this Order by the Court. As used herein, true identity includes, but is not limited to, information such as:

   A. Name, maiden name, married name, nickname, and any alias name used at any time, including, but not limited to, any names used at Defendants' facilities;

   B. Date of birth;

   C. Social Security Number; and

   D. Current address and any prior addresses from 2010 to present.

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff, such as, but not limited to, any medical, educational, financial,

employment, or other identifying information. Relatedly, Plaintiff agrees that nothing in this Stipulated Protective Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery.

2. Plaintiff is permitted to proceed pseudonymously throughout the course of these proceedings. The Parties will reference Plaintiff through the pseudonym "Jane Doe, S.W.," or as "Plaintiff" in all filings, throughout the course of discovery, and in all Court proceedings.

3. The Parties, as well as their agents, employees, and assigns shall keep Plaintiff's true identity confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Plaintiff's true identity to the following:

    A. The Parties to this litigation, including any employees, agents, and representatives of the Parties as needed to litigate any claims or defenses;

    B. Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

    C. Insurance claim adjusters, employees, agents, and representatives of the Parties that are or may be required to pay any settlement or judgment in this matter on behalf of the Parties to this litigation;

    D. The Court, court personnel, and members of the jury;

    E. Court reporters, recorders, and videographers engaged for depositions or video-taped trial testimony;

    F. Any mediator appointed by the Court or jointly selected by the Parties;

    G. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

    H. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts for purposes of interviews, depositions, and/or testimony;

    I.      Any custodian of records, but only to the extent that Plaintiff's true identity will assist the custodian in obtaining and producing records;

    J.      Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

    K.     Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements; and

    L.      Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. Consent shall not be unreasonably withheld.

4. The Court discourages the manual filing of any pleadings or documents under seal. Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal. This means that documents may not be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Thus, the Parties may seek the Court's permission to file documents that are necessarily unredacted under seal in accordance with this process.

5. All Parties and any third parties appearing or submitting filings in this case are required to redact the true identity and any identifying information (for example, Social Security Number, date of birth, address, medical records number) of Plaintiff in their filings with the Court.

6. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Stipulated Protective Order, such party or non-party should seek leave of Court prior to submitting any such filing.

7. Given this Stipulated Protective Order, the Parties agree the failure to identify Plaintiff in the Complaint need not be addressed in the pleadings-stage motions.

8. This Stipulated Protective Order is voided by any intentional action of the anonymous Plaintiff to communicate with the media to author news articles, provide interviews to media, or request media appearances at court proceedings.

9. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

**SO STIPULATED:**

/s/Samantha A Breakstone, Esq.
Samantha Breakstone, Esq. *Pro Hac Vice*
Paul Pennock, Esq. *Pro Hac Vice*
Weitz & Luxenberg, PC
700 Broadway
New York, NY  10003
Ofc:   212-558-5672
Fax:   212-344-5461
Email: sbreakstone@weitzlux.com
          ppennock@weitzlux.com

/s/Pamela A Borgess, Esq.
Pamela A. Borgess, Esq. (0072789)
Borgess Law, LLC
6800 W. Central Ave., Ste. E
Toledo, OH  43617
Ofc:   419-262-6148
Fax:   419-251-7797
Email: pborgess@borgesslaw.com

/s/Kimberly Dougherty, Esq.
Kimberly A. Dougherty, Esq. *Pro Hac Vice*
Andrus Wagstaff, PC
19 Belmont Street
South Easton, MA  02375
Ofc:   508-230-2700
Fax:   888-875-2889
Email: kim.dougherty@andruswagstaff.com

**COUNSEL FOR PLAINTIFF**

/s/Kenneth A. Calderone, Esq.
Kenneth A. Calderone, Esq. (0046860)
John R. Chlysta, Esq. (0059313)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Ofc:     330-670-7324/330-670-7305
Fax:     330-670-7440/330-670-7442
Email: kcalderone@hcplaw.net
            jchlysta@hcplaw.net

**COUNSEL FOR DEFENDANT
LORAIN-ELYRIA MOTEL, INC., dba
BEST WESTERN INN**

/s/Sarah Miller Benoit, Esq.
Sarah Miller Benoit, Esq.  (0086616)
Jennifer Hageman, Esq. (0066632)
Paul J. Cosgrove, Esq. (0073160)
Ulmer & Berne, LLP
600 Vine St., Ste. 2800
Cincinnati, OH  45202-2409
Ofc.:    513-698-5022/5034
Fax:     513-698-5023/5035
Email: jhageman@ulmer.com
            pcosgrove@ulmer.com
            sbenoit@ulmer.com

/s/Constantine J. Passodelis, Esq.
Constantine J. Passodelis, Esq. (0074869)
*Pro Hac Vice to be Filed*
Jones Passodelis, PLLC
Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA  15219
Ofc:     (412) 315-7272
Fax:     (412) 315-7273
Email: dpassodelis@jonespassodelis.com


**COUNSEL FOR DEFENDANT
BEST WESTERN INTERNATIONAL, INC.**

5

/s/ Matthew Stephen Teetor, Esq.
William B. Benson, Esq.
Matthew Stephen Teetor, Esq.
Isaac, Wiles, Burkholder & Teetor, LLC
Two Miranova Place, Ste. 700
Columbus, OH 43215
Ofc.: 614-221-2121
Fax: 614-365-9516
Email: wbenson@isaacwiles.com
       mteetor@isaacwiles.com

**COUNSEL FOR DEFENDANT
SRI RAM, LLC**

/s/Jonathan P. Blakely, Esq.
Jonathan P. Blakely, Esq. (0042550)
P.O. Box 217
Middlefield, OH 44062
Ofc: (440) 339-1201
Fax: (440) 632-9091
Email: jblakelylaw@windstream.net

**COUNSEL FOR DEFENDANT
BAPA ASSOCIATES, INC**

IT IS SO ORDERED.

*[signature]*
UNITED STATES MAGISTRATE JUDGE