# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE S.W., an individual, | : | |
| Plaintiff, | : | Case No. 2:19-cv-1194 |
| *vs.* | : | Judge Algenon L. Marbley |
| LORAIN-ELYRIA MOTEL, INC., *et. al.*, | : | Chief Mag. Judge Elizabeth P. Deavers |
| Defendants. | : | |

## MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT SRI RAM, LLC (dba ECONOMY INN)

Now comes Defendant SRI Ram, LLC (hereinafter "SRI Ram, LLC" or "SRI Ram"), by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure hereby moves this Court for an Order dismissing Plaintiff's Complaint (Doc. 1) as it pertains to SRI Ram. Plaintiff's Complaint fails to state a claim for which relief can be granted as more fully set forth in the attached memorandum.

Respectfully submitted,

/s/ Matthew S. Teetor
William B. Benson        (0047181)
Molly R. Gwin            (0088189)
Matthew S. Teetor        (0087009)
ISAAC WILES BURKHOLDER & TEETOR, LLC
Two Miranova Place, Suite 700
Columbus, Ohio  43215
(614) 221-2121
Fax (614) 365-9516
email:  wbenson@isaacwiles.com
        mgwin@isaacwiles.com
        mteetor@isaacwiles.com
*Attorneys for Defendant SRI Ram, LLC*

## **MEMORANDUM IN SUPPORT**

### I.     INTRODUCTION

Plaintiff, a survivor of sex trafficking, has brought this lawsuit under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 against three motels in the northern Ohio area.  She alleges that she was trafficked for sex by an unnamed individual and that during her ordeal she stayed at each of the three motels identified in the Complaint at unspecified times for unspecified durations.  (See Doc. # 1, generally).

Plaintiff asserts allegations against all Defendants for alleged violations of TVPRA, general negligence, premises liability, and unjust enrichment.  *Id*.

Concerning Defendant SRI Ram, LLC, (dba Economy Inn) specifically, Plaintiff has alleged that:

1) Sri Ram does business as "Economy Inn."  *Id*., at ¶ 14;

2) Economy Inn has multiple locations throughout Ohio, including Muskingham [sic] County, Ohio.  *Id*., at ¶ 15;

3) Plaintiff was trafficked for in January 2017 at the Economy Inn located at 1070 Graham Road in Cuyahoga Falls. *Id*., at ¶ 52;

4) Economy Inn has been on notice of repeated incidents of sex trafficking occurring on its properties, yet the brand has failed to take action to prevent sex trafficking. *Id*., at ¶ 85; and

5) Economy Inn hotels have been aware of sex trafficking occurring on its properties through online review websites showing the pervasiveness of customer reported sex trafficking on Economy Inn Brand properties" *Id*., at ¶ 86.

In support of her allegations that the "Economy Inn" operated by Defendant SRI Ram, LLC was on notice of incidents of sex trafficking, Plaintiff then quotes a news article from Louisville, Kentucky and two unverified Yelp.com reviews - - one from an "Economy Inn" motel located

Yakima, Washington and another from an "Economy Inn" motel located in San Bernardino, California.  (See Doc. # 1, ¶ 86).

While Plaintiff has correctly identified in her Complaint that SRI Ram, LLC operates a motel that does business as "Economy Inn" located at 1070 Graham Road in Cuyahoga Fall, Ohio, (See Doc. # 1, at ¶ 14), that is the only motel that is owned and operated by SRI Ram, LLC. Plaintiff's allegations that Defendant SRI Ram, LLC maintains other short-term lodging businesses or that SRI Ram, LLC is somehow part of a network or brand of motel/hotels known as "Economy Inn" are wholly incorrect and devoid of sufficient factual support in the Complaint.

To the contrary, SRI Ram, LLC is a closely-held, limited liability corporation that does business under the fictitious name "Economy Inn" in its operation of a single motel in the Cuyahoga Falls area.  See affidavit of Chetankumar Petal, attached.  SRI Ram, LLC is neither a franchise nor does not own, operate, control, or do business with any other motel business that may also operate under fictitious name "Economy Inn."  Rather, the "Economy Inn" located at 1070 Graham Road is a wholly independent, family-owned business that is distinct and separate from any other motel in existence and just happens to operate under the common moniker "Economy Inn."

Beyond her conclusory allegations, Plaintiff's Complaint lacks any factual basis for her allegations that SRI Ram, LLC knew or should have known about Plaintiff's plight as a sex trafficking victim or about any prior trafficking issues at any other motel that may also happen to do business under the fictitious name "Economy Inn."

Plaintiff's speculation that SRI Ram, LLC was or should have been on notice that Plaintiff was being trafficked for sex is based on her allegation that completely unrelated motels, which are located in different states and happen to operate under the same fictitious name as the motel

3

operated by SRI Ram, LLC, had issues related to sex trafficking. That is legally insufficient for Plaintiff to state a cause of action against SRI Ram, LLC. Plaintiff does not allege who at SRI Ram, LLC, was on actual or constructive notice that she was a sex trafficking victim; she does not allege when SRI Ram, LLC was allegedly put on such notice; she does not allege what specifically would have alerted SRI Ram, LLC to suspect that Plaintiff was a victim of sex trafficking or how anyone from SRI Ram, LLC could have ever actually known she was a victim.

Plaintiff's Complaint also lists several "signs of sex trafficking," but she fails to allege in her complaint that any of these supposed warning signs were present during her alleged stay at the motel operated by SRI Ram, LLC. Plaintiff also fails to allege that any employee of SRI Ram, LLC actually witnessed any of these "signs" of sex trafficking during Plaintiff's alleged stay at the motel.

Plaintiff's theory against SRI Ram, LLC is that: (1) other motel businesses across the county operate under the name "Economy Inn;" (2) some of those unrelated businesses have had issues related to sex trafficking on their premises; and (3) somehow those issues of unrelated sex trafficking in other states put SRI Ram on notice that Plaintiff was being trafficked. This tenuous theory is simply no basis to allege that SRI Ram, LLC knew (or should have or could have known) that Plaintiff was a victim of sex trafficking. For these reasons that follow, Plaintiff's conclusory allegations are not enough to state a plausible claim for relief and Plaintiff's Complaint should be dismissed.

## II.   LAW AND ARGUMENT

### A.  Standard of Review

The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6).

*Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 717 (S.D. Ohio 2013) (citing *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007)). To avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). In *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009), the United States Supreme Court clarified the plausibility standard articulated in *Twombly*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. *Id.,* at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556.

*Id.* at 678-79, 127 S. Ct. at 1949–50 (emphasis added). The Court then gave direction on how to determine plausibility:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 679, 127 S. Ct. at 1950 (internal citations omitted). As set forth in this memorandum and based upon both the pleadings in this matter and the affidavit of Chetankumar Petal, Plaintiff's Complaint should be dismissed for failure to state plausible claims upon which the Court can grant relief.[1]

---

[1] Federal courts have permitted a certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). In addition, the courts have "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id.* Hence, documents attached to a

### B. Plaintiff's allegations under the TVPRA fail as a matter of law.

#### a. Plaintiff's Complaint does not plausibly allege that Defendant SRI Ram, LLC participated in a "venture" with Plaintiff's trafficker.

The TVPRA permits a victim of trafficking to bring a civil action "against the perpetrator (or whoever <u>knowingly</u> benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation [of the TVPRA])." 18 USC § 1595 (emphasis added). Thus, in order for Plaintiff to recover against SRI Ram, LLC, she must demonstrate SRI Ram knew that Plaintiff was being trafficked and knowingly received benefits or something of value as a direct result of that trafficking. Plaintiff's Complaint alleges neither.

Rather, Plaintiff's Complaint makes the conclusory allegations that SRI Ram, LLC (dba "Economy Inn") knew or should have known that sex trafficking was occurring, but the Complaint fails to set forth any plausible basis as to how SRI Ram should have known this information. See (Doc. # 1, at ¶ 3). Plaintiff claims that "Economy Inn has multiple locations through Ohio, including Muskingum County, Ohio." (*Id.*, at ¶ 15). This is incorrect. While there may be other businesses throughout the country that operate under the fictitious name "Economy Inn," those businesses have no affiliation with Defendant SRI Ram and the business it operates as an "Economy Inn." See Affidavit of Chetankumar Petal, attached hereto as Exhibit 1. Other than the

---

motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *McGee v. Simon & Schuster Inc.*, 154 F. Supp. 2d 1308, 1311 n.3 (S.D. Ohio 2001). If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); see also *Delahunt v. Cytodyne Tech.*, 241 F. Supp. 2d 827, 831-32 (S.D. Ohio 2003). Here, the affidavit of Chetankumar Petal fills in the contours of Plaintiffs' Complaint concerning her allegations related to SRI Ram, LLC and its "Economy Inn" motel without adding anything new to her allegations. Accordingly, it is permissible that they be considered for purposes of a Rule 12 motion.

"Economy Inn" located at 1070 Graham Road, SRI Ram, LLC owns no other real property and operates no other business.  (*Id*., at ¶ 3).

Plaintiff's Complaint then alleges that "upon information and belief" SRI Ram, LLC (dba "Economy Inn") was "on notice of repeated incidences of sex trafficking occurring on its properties, yet the brand has failed to take action to prevent . . ." (Doc. #1, at ¶ 85).  Plaintiff alleges that SRI Ram, LLC should have been aware of her sex trafficking ordeal because other motels under the moniker "Economy Inn" have had sex trafficking issues in the past.  (*Id*., at ¶ 86).  In support of this allegation, Plaintiff quotes an article from "Insider Louisville" which depicts issues at a motel doing business under the name "Economy Inn" in Louisville, Kentucky.  *Id*.  Plaintiff cites two Yelp.com reviews – one for a motel business in Yakima, Washington and one for another business in San Bernardino, California.  *Id*.  As demonstrated in this memorandum, those business have absolutely no affiliation with SRI Ram.

Plaintiff does not allege she was ever present at the Louisville, Yakima, or San Bernardino motels; she does not allege that anyone from those motels ever contacted or spoke to any representative of SRI Ram, LLC about her trafficking or about sex trafficking in general; she does not allege that any one from SRI Ram, LLC was ever aware of the trafficking issues at the other motels; and, most importantly, she does not allege that she ever told anyone associated with SRI Ram that she was being trafficked.

Plaintiff bases her theory against SRI Ram on the premise that SRI Ram was somehow on notice that Plaintiff was being trafficked because the motel that SRI Ram operates does business under the same name as unrelated motels in Louisville, Yakima, and San Bernardino where separate incidents of trafficking allegedly occurred.  This is not the standard under which one may recover in a civil action under the TVPRA.  As set forth above, the TVPRA permits recovery by

7

the victim of sex trafficking against either a perpetrator or one who <u>knowingly</u> benefits from participation in the trafficking venture. SRI Ram does not fall in either category as Plaintiff's Complaint does not establish a plausible basis that SRI Ram had any knowledge that Plaintiff was being trafficked at any point in time.

> **b. Plaintiff's allegations concerning other motels that do business under the name "Economy Inn" have nothing to do with SRI Ram, LLC or her alleged trafficking.**

The day-to-day operation of Defendant's motel does not render SRI Ram, LLC a perpetrator or beneficiary of the sex trafficking crimes committed against Plaintiff, and does not mean that SRI Ram knowingly received any benefit as part of that venture. Plaintiff does not allege that any agent, employee, or representative of SRI Ram ever worked with our coordinated with the actual individuals who trafficked Plaintiff. Plaintiff's Complaint does not even identify her identity or the identity of her trafficker and Plaintiff makes no allegation that her trafficker ever had any interaction with SRI Ram other than to ostensibly rent a motel room to that individual at some unspecified time.

Plaintiff's complaint contains bald legal conclusions and wholesale speculation that cannot be construed as a plausible legal claim. Plaintiff's allegations concerning unrelated motels that operate under the same name do not demonstrate that any one associated with SRI Ram, LLC had any knowledge of Plaintiff's trafficking.

Plaintiff's "allegation" that "signs of dangerous conditions" associated with human trafficking were not monitored (See Doc. # 1, ¶ 96) does not specify who saw these supposed signs of human trafficking, when such signs were present, or if such signs ever even existed at the "Economy Inn" operated by Sri Ram.

Plaintiff cannot impute knowledge on to SRI Ram based on events that occurred at other motels, operated by other entities in other states, that happen to do business under the same fictitious "Economy Inn" name. The allegations made by Plaintiff concerning other motel businesses that have no connection whatsoever to SRI Ram's business or Plaintiff's trafficking and should not permit Plaintiff to escape Rule 12 scrutiny. Plaintiff's general condemnation of the motel industry as a whole, does not equate to liability on the part of SRI Ram.

### C. Plaintiff's allegation of negligence fails to state a claim upon which relief can be granted.

In Count II of Plaintiff's Complaint, Plaintiff generally alleges that Defendants employed staff that "failed to observe and report signs of guest misconduct at their hotels . . . including, but not limited to, signs of human trafficking and or sexual exploitation." (Doc. #1, at ¶ 94). Plaintiff also generally alleges a failure to train claim, but again fails to allege any employee of SRI Ram, LLC ever witnessed any of the "signs of human trafficking" set forth in Plaintiff's Complaint. (*Id*., at ¶¶ 91-101, and generally).

Plaintiff's Complaint does not identify a single employee of SRI Ram and does not even generally describe the physical characteristics of any alleged employee of SRI Ram. (*Id*., generally). She does not allege what warning signs of exploitation any employee of SRI Ram ever witnessed or that those particular warning signs occurred on the premises where SRI Ram operates its motel. (*Id*., generally). She does not allege the dates when she allegedly stayed at SRI Ram's motel with any specificity, alleging only that her trafficking was "[b]eginning in 2017." (*Id*., at ¶ 4). She does not allege which room she stayed in at SRI Ram's motel. (*Id*., generally). She does not allege that she ever spoke to any employee of SRI Ram at any time or informed anyone from SRI Ram about her situation. (*Id*.).

Plaintiff's conclusory allegations fail to set forth the who, what, where, when, why and how of Plaintiff's allegations. The Complaint fails to set forth a plausible claim for relief because it is legally insufficient to establish that SRI Ram ever owed Plaintiff a duty or that any duty owed was ever breached. SRI Ram respectfully requests that this Court dismiss Plaintiff's Complaint as a matter of law.

### D. Plaintiff's allegations concerning premises liability fail to state a claim upon which relief can be granted.

As set forth in the Motion to Dismiss filed by Defendant Best Western International Incorporated (Doc. # 29, Page ID 141-44), Plaintiff's allegations under a theory of premises liability fails to state a claim upon which relief can be granted. SRI Ram, LLC further contends that Plaintiff's premises liability theory is predicated upon two fallacies and is legally insufficient to withstand scrutiny under Rule 12. First, Plaintiff alleges that the act of her being trafficked by an unknown and/or unspecified individual was a "dangerous condition" on the grounds of SRI Ram's motel. (Doc. #1, ¶ 104) Second, she alleges that SRI Ram had actual or constructive notice of the alleged "dangerous condition" through on-line reviews "associated with Defendants." (*Id*., at ¶ 105).

Plaintiff's alleged trafficking was perpetrated by an unidentified individual and is not a "dangerous condition" on the grounds of the motel business operated by SRI Ram, LLC. Plaintiff does not allege that the premises upon which SRI Ram operates its motel business had any connection to her trafficking other than the fact that she allegedly stayed in an unspecified room on the premises at an unspecified time for an unspecified duration at SRI Ram's motel. She does not allege that anyone associated with SRI Ram had any knowledge of this criminal activity or that it was foreseeable in any manner by anyone associated with SRI Ram, LLC.

Rather, with respect to SRI Ram, Plaintiff claims Defendant was on constructive notice of her trafficking as a result of a single news article pertaining to an "Economy Inn" motel from Louisville, Kentucky and two unverified Yelp.com reviews pertaining to Economy Inns located in Yakima, Washington and San Bernardino, California, respectively.  (See Doc. # 1, ¶ 86).  As set forth above and through the affidavit of Chetankumar Petal, these three motels do business under the name "Economy Inn," but that is where their relationship with SRI Ram, LLC ends.  There is no connection whatsoever to the on-line reviews cited in Plaintiff's Complaint and SRI Ram's business other than the fictitious name "Economy Inn."  The Economy Inn operated by SRI Ram, is wholly independent of all other motels, including all other motels operating under the name "Economy Inn."

Further, Plaintiff does not allege that SRI Ram, LLC ever experienced any other instances of human or sexual trafficking on its premises.  She does not provide any allegations that others were brought to SRI Ram's motel for such activities or that SRI Ram was ever on notice of such events.

Based on the pleadings, Plaintiff's has no basis for her allegation that SRI Ram was on constructive notice of any trafficking on its own premises, much less that Plaintiff herself was the victim of trafficking.  SRI Ram respectfully requests that this Court dismiss Plaintiff's Complaint as a matter of law.

### E.  Plaintiff's allegation of unjust enrichment fails as a matter of law.

As set forth in the Motion to Dismiss filed by Defendant Best Western International Incorporated (Doc. # 29, Page ID 144-45), Plaintiff's Complaint fails to set forth the required elements for unjust enrichment.  Plaintiff alleges in her Complaint that SRI Ram (and all Defendants) somehow received an "increased profit margin" through the alleged renting of rooms

to Plaintiff and her traffickers. (*Id*., at ¶¶ 112-15). However, as set forth above Plaintiff's allegations with respect to SRI Ram are predicated upon Plaintiff's allegation that SRI Ram was on somehow on constructive notice of trafficking in general as a result of a single news article pertaining to an "Economy Inn" motel from Louisville, Kentucky and two unverified Yelp.com reviews pertaining to Economy Inns located in Yakima, Washington and San Bernardino, California, respectively, and that it was somehow on actual notice of Plaintiff being trafficked.

As set forth above, Plaintiff's conclusory allegation fail to establish even a plausible claim that SRI Ram was ever on notice of her trafficking. SRI Ram respectfully requests that this Court dismiss Plaintiff's Complaint as a matter of law.

### III. CONCLUSION

While the ordeal that Plaintiff endured is truly a terrible circumstance for anyone to ever find themselves in, there is no basis for Plaintiff's claims against SRI Ram, LLC. SRI Ram operates a single motel in Cuyahoga Falls, Ohio that is not legally associated with any other hotel in Ohio, the United States, or the world. It is a family-owned business. The proprietors raised their two children on the premises and, thus, had an even greater interest in maintaining a safe premise than the average motel/hotel operator. See Affidavit of Chetankumar Petal, attached. Defendant SRI Ram, LLC respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

/s/ Matthew S. Teetor
William B. Benson         (0047181)
Molly R. Gwin           (0088189)
Matthew S. Teetor       (0087009)
ISAAC WILES BURKHOLDER & TEETOR, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
(614) 221-2121
Fax (614) 365-9516
email: wbenson@isaacwiles.com
         mgwin@isaacwiles.com
         mteetor@isaacwiles.com
*Attorneys for Defendant SRI Ram, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew S. Teetor
Matthew S. Teetor       (0087009)