IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jane Doe S.W., | ) | Case No. 2:19-CV-1194 |
| | ) | |
| Plaintiff, | ) | Judge Algenon L. Marbley |
| | ) | |
| vs. | ) | Magistrate Judge Elizabeth Preston Deavers |
| | ) | |
| Lorain-Elyria Motel, Inc., *et al.*, | ) | **DEFENDANT LORAIN-ELYRIA MOTEL,** |
| | ) | **INC. DBA BEST WESTERN INN'S** |
| Defendants. | ) | **ANSWER TO PLAINTIFF'S COMPLAINT** |
| | ) | |
| | ) | (*Jury Demand Endorsed Hereon*) |
| | ) | |

Defendant Lorain-Elyria Motel, Inc. dba Best Western Inn ("LEM") states the following for its answer to Plaintiff's complaint:

1. LEM denies the allegations against it in paragraphs 1, 2, and 3 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

2. LEM lacks sufficient information to either admit or deny the allegations in paragraph 4 of Plaintiff's complaint.

3. LEM denies the allegations against it in paragraphs 5 and 6 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

4. LEM lacks sufficient information to either admit or deny the allegations in paragraphs 7 and 8 of Plaintiff's complaint.

5. For its answer to paragraph 9, LEM incorporates herein each of its prior answers to paragraphs 1 through 8 of Plaintiff's complaint.

6. LEM admits that it is an Ohio corporation. LEM denies the allegations against it in paragraphs 10, 11, 12, 13, 14, 15, 16, and 17 of Plaintiff's complaint. LEM lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

7. For its answer to paragraph 18, LEM incorporates herein its prior answers to paragraphs 1 through 17 of Plaintiff's complaint.

8. LEM denies the allegations against it in paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

9. For its answer to paragraph 49, LEM incorporates herein its prior answers to paragraphs 1 through 48 of Plaintiff's complaint.

10. LEM denies the allegations against it in paragraphs 50, 51, 52, 53, 54, 55, 56, and 57 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

11. For its answer to paragraph 58, LEM incorporates herein each of its prior answers to paragraphs 1 through 57 of Plaintiff's complaint.

12. LEM denies the allegations against it in paragraphs 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, and 79 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendant in those paragraphs.

13. For its answer to paragraph 80, LEM incorporates herein each of its prior answers to paragraphs 1 through 79 of Plaintiff's complaint.

14. LEM lacks sufficient information to either admit or deny the allegations in paragraphs 81, 82, 83, 84, and 85 of Plaintiff's complaint.

## COUNT ONE

15. For its answer to paragraph 86, LEM incorporates herein each of its prior answers to paragraphs 1 through 85 of Plaintiff's complaint.

16. LEM denies the allegations against it in paragraphs 87, 88, 89, and 90 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

## COUNT TWO

17. For its answer to paragraph 91, LEM incorporates herein each of its prior answers to paragraphs 1 through 90 of Plaintiff's complaint.

18. LEM denies the allegations against it in paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, and 101 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

## COUNT THREE

19. For its answer to paragraph 102, LEM incorporates herein each of its prior answers to paragraphs 1 through 101 of Plaintiff's complaint.

20. LEM denies the allegations against it in paragraphs 103, 104, 105, 106, 107, 108, 109, 110, and 111 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

## COUNT FOUR

21. For its answer to paragraph 112, LEM incorporates herein each of its prior answers to paragraphs 1 through 111 of Plaintiff's complaint.

22. LEM denies the allegations against it in paragraphs 113, 114, and 115 of Plaintiff's complaint. LEM otherwise lacks sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

23. LEM denies each and every allegation, expressed or implied, which remains unanswered in Plaintiff's complaint.

## **ADDITIONAL DEFENSES**

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

2. Service of process upon this Defendant was insufficient.

3. This Court lacks personal jurisdiction over this Defendant.

4. Venue in this Court is improper.

5. Plaintiff's claims are barred by the doctrines of comparative fault, contributory negligence, assumption of the risk, and/or primary assumption of the risk.

6. Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel.

7. Plaintiff's claims are barred by the judicial estoppel doctrine.

8. Plaintiff's claims are barred by the statute of frauds.

9. Plaintiff's claims fail due to a lack of consideration.

10. Plaintiff's claims are barred due to an accord, satisfaction, and/or a novation.

11. Plaintiff has failed to join necessary and indispensable parties to this litigation.

12. Plaintiff's claims are barred due to superseding and intervening conduct of other parties or nonparties.

13. Plaintiff's claims are barred due to spoliation of evidence.

14. Plaintiff's claims for punitive damages violate provisions of the Ohio and United States Constitutions.

15. Plaintiff's alleged damages were caused in whole or part by the conduct and fault of nonparties from whom Defendant may seek an allocation of fault at trial, including, but not limited to, persons who allegedly trafficked, exploited, or abused Plaintiff and/or those who were the alleged "customers" of sex trafficking.

16. Plaintiff's alleged damages, compensatory and punitive, are subject to statutory caps and monetary limitations under applicable law.

17. Defendant has not been found to have violated the TVPRA. Plaintiff therefore lacks any basis or standing to assert a claim under the TVPRA under §1595.

18. Plaintiff's claims are barred by the doctrines of illegality, fraud, and misrepresentation.

WHEREFORE, having fully answered, Defendant Lorain-Elyria Motel, Inc. dba Best Western Inn demands judgment upon Plaintiff's complaint, plus its costs incurred herein.

/s/ Kenneth A. Calderone
Kenneth A. Calderone (0046860)
John R. Chlysta (0059313)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Telephone:  (330) 670-7324 / (330) 670-7305
Facsimile:   (330) 670-7440 / (330) 670-7442
Email:  kcalderone@hcplaw.net
            jchlysta@hcplaw.net
*Attorneys for Defendant Lorain-Elyria Motel, Inc. dba Best Western Inn*

## JURY DEMAND

Defendant demands a jury trial on all issues in this matter.

>/s/ Kenneth A. Calderone
> Kenneth A. Calderone (0046860)
> John R. Chlysta (0059313)
> *Attorneys for Defendant Lorain-Elyria Motel, Inc.*
> *dba Best Western Inn*

## CERTIFICATE OF SERVICE

This document was filed on March 30, 2020, using the court's CM/ECF system, which will send notification of such filing to all parties.  Parties may access this document through the Court's electronic filing system.

>/s/ Kenneth A. Calderone
> Kenneth A. Calderone (0046860)
> John R. Chlysta (0059313)
> *Attorneys for Defendant Lorain-Elyria Motel, Inc.*
> *dba Best Western Inn*

<<HCP #1053173-v1>>