**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE S.W., an individual, | ) | Case No. 2:19-cv-1194 |
| | ) | |
| Plaintiff, | ) | Judge Algenon L. Marbley |
| | ) | |
| vs. | ) | PLAINTIFF'S RESPONSE AND |
| | ) | MEMORANDUM OF LAW IN |
| LORAIN-ELYRIA MOTEL, INC., et al., | ) | OPPOSITION TO ACUITY, A |
| | ) | MUTUAL INSURANCE |
| Defendants | ) | COMPANY'S MOTION TO |
| | ) | INTERVENE |
| | ) | |

COMES NOW the Plaintiff, Jane Doe S.W., by and through the undersigned counsel, and respectfully requests that this Honorable Court enter an order denying the Motion to Intervene filed by Acuity, A Mutual Insurance Company ("Aciuty") (ECF No. 94). In support of her opposition to Acuity's Motion to Intervene, Plaintiff provides the following law and argument.

## INTRODUCTION

Acuity asks to intervene in this matter, pursuant to Fed. R. Civ. P. 24(a) and (b). While Acuity claims in its motion that this intervention is for the limited purpose of seeking to present jury interrogatories at trial, Acuity's proposed intervenor complaint appears to seek declaratory judgment. Dkt. 94-1 at ¶ 5 ("The pleadings in the within matter are adopted by reference, not for the truth of the allegations, but instead to provide a basis for this declaratory judgment"). Acuity is defending Lorain Elyria Motel, Inc. and Best Western International in the suit under its policy, albeit subject to a reservation of rights. Dkt. 94 at 3. Acuity does not have a right to intervene and permitting it to do so is not called for in this case because its intervention would add delay and prejudice by inserting new legal issues, conflicts of interest, and unnecessary parties. Furthermore, permitting intervention by Acuity will introduce discovery, motion practice, and trial questions

1

unrelated to the Plaintiff's claims. In sum, Acuity fails to meet its burden under Fed. R. Civ. P. 24(a) or (b), and its Motion to Intervene should accordingly be denied.

**I.      Background**

Plaintiff S.W. is a victim and survivor of sex trafficking within the meaning of the Trafficking Victim Protection Reauthorization Act (the "TVPRA"), 18 U.S.C. § 1591 *et seq. See* Dkt. 1, Compl. at ¶ 4. Beginning in 2017, Plaintiff was repeatedly coerced through fear, threat, and violence into commercial sex acts at each of the Defendants' hotel properties. *Id.* at ¶ 50-53.  The hospitality industry, including Acuity's insureds, continue to benefit financially in violation of the TVPRA by facilitating sex trafficking through renting rooms to sex traffickers who the local hotels and their national brand management companies knew or should have known were engaging in sex trafficking ventures.  Defendants Lorain Elyria Motel, Inc. and Best Western International, as well as others in the hospitality industry, continue to fail to protect women and children who are victims of human trafficking at hotel properties.  They do so by failing to develop and implement training to prevent human trafficking, and failing to conduct audits to confirm both that training has been implemented and that human trafficking is being prevented at hotel properties. *Id.* at ¶¶ 40-42, 96.

The TVPRA criminalizes sex trafficking of children and the sex trafficking of adults by force, fraud, or coercion, and under § 1595, the statute also provides a private right of action for victims of human trafficking against its beneficiaries.  *See* 18 U.S.C. § 1595(a).  The Plaintiff's Complaint alleges the Defendant hotels participated in a venture which they knew or should have known was engaged in sex trafficking.  Dkt. 1 at ¶ 65, 68, 89.

**II.     Standard of Review**

Rule 24 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

    (1)    is given an unconditional right to intervene by a federal statute; or
    (2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) **Permissive Intervention.**

    (1)    *In General.* On timely motion, the court may permit anyone to intervene who:

        (A) is given a conditional right to intervene by a federal statute;

        Or

        (B) has a claim or defense that shares with the main action a common question of law or fact.

…

    (3)    *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24. The Rule further requires that the motion state the grounds for intervention, and be accompanied by "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The Sixth Circuit has set out four elements which the potential intervenor must meet in order for intervention as of right to be appropriate:

> This Court has interpreted the language of the Rule to require an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent

3

> the applicant's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).

*Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).[1] "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." *Id.* (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)). With regard to permissive intervention pursuant to Fed. R. Civ. P. 24(b), "[t]hough the district court operates within a 'zone of discretion' when deciding whether to allow intervention under Rule 24(b), the district court nevertheless 'must, except where the basis for the decision is obvious in light of the record, provide enough of an explanation for its decision to enable [us] to conduct meaningful review.'" *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018) (citing *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (quoting, in turn, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997))). "So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *Id.* (citing *Miller*, 103 F.3d at 1248).

With regard to permissive intervention pursuant to Fed. R. Civ. P. 24(b), "[t]hough the district court operates within a 'zone of discretion' when deciding whether to allow intervention under Rule 24(b), the district court nevertheless 'must, except where the basis for the decision is obvious in light of the record, provide enough of an explanation for its decision to enable [us] to conduct meaningful review.'" *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577

---

[1] These elements apply to intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2) -- that is, in the absence of a federal statute which provides for intervention as of right under the circumstances.

(6th Cir. 2018) (citing *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (quoting, in turn, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997))).

**III.    Argument**

Acuity fails to meet its burden for intervening either by right or permission. Acuity is unable to show that it has a substantial legal interest in the civil case; that it will be impaired, absent intervention, from protecting that interest; or that its interests will be inadequately represented by parties already before the Court. Further, if permitted, Acuity's intervention would cause undue delay in this matter and would prejudice Plaintiff. Acuity's participation in the underlying civil claim would do nothing more than complicate and interfere with the sensitive and complex issues in Plaintiff's civil case, and intervention must be denied to avoid prejudicial confusion of critical issues, facts, liability, and burdens in the underlying case.

**A. Acuity Has No Grounds To Intervene As Of Right**

In seeking intervention as of right under Rule 24(a), the Sixth Circuit applies a four-part test requiring the moving party to establish: (1) that the motion to intervene is timely; (2) that a substantial legal interest is involved; (3) that its ability to protect its interests will be impaired without intervention; and (4) the existing parties do not adequately represent its interests. *Blount-Hill*, 636 F.3d at 283. Failure to satisfy any one of the elements will defeat intervention. *Id.* Acuity fails to meet these elements.

**1. Acuity's Motion to Intervene Is Not Timely**

The Sixth Circuit has identified five (5) factors to determine whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the

5

> prejudice to the original parties due to the intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill,* 636 F.3d at 284 (citing *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000)).

This case has progressed too far for Acuity to intervene now. Acuity's motion comes approximately a year and a half after the Plaintiff filed her Complaint. Acuity does not explain its delay in waiting a year and a half to seek intervention and instead focuses its timeliness argument on the status of the litigation asserting "the case has not significantly progressed." *See* Dkt. 94 at 7. However, Defendants have served the Plaintiff with discovery, and the Court has ruled on motions to dismiss. And, contrary to Acuity's assertion, expert dates have been set. *See* Dkt. 95. Accordingly, the Plaintiff respectfully submits the Court should deny Acuity's motion as untimely. *See J4 Promotions, Inc. v. Splash Dogs*, *LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010)(finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties).

**2. Acuity Has No Substantial Legal Interest In This Matter**

As to the second element of the Sixth Circuit's test for intervention as of right, the "substantial legal interest" must be "direct." *Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, No. 15-11254, 2018 U.S. Dist. LEXIS 81618, *10 (E.D. Mich. Apr. 23, 2018) (citing *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 U.S. Dist. LEXIS 170674 (S.D. Ohio Oct. 16, 2017) and *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967)). "Whether an insurer of an existing party has a direct interest in the litigation depends on if the insurer admits that the claim at issue is covered." *Id.* Put another way, the interest possessed by an insurer seeking to

6

intervene is contingent, not direct -- and thus, is also not "substantial." *Id.* (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (finding that the insurer's interest was contingent on the resolution of the coverage issue)).[2]

Acuity's motion to intervene should be denied because Acuity cannot show that it has a substantial interest in the matter of the case. Various courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action. *J4 Promotions, Inc. v. Splash Dogs, LLC,* No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc*., 2002 WL 32073073 (N.D. Ind. Nov. 25, 2002); *Nieto v. Kapoor,* 61 F. Supp. 2d 1177 (D.N.M. August 4, 1999); *Sachs v. Reef Aquaria Design, Inc.,* 2007 WL 2973841 (N.D. Ill. Oct.5, 2007)) (internal quotations omitted).

Acuity's legal interest in this case is similarly contingent and therefore not substantial. Acuity acknowledges as much in its request for intervention, stating, "any judgment will need to tested via Jury Interrogatories concerning whether or not all or part of such judgment is covered under the Acuity policy. *See* Dkt. 94 at 5. Acuity's interest is clearly in the contingency, not the substance. Therefore, the Court should deny Acuity's motion to intervene. *See Siding & Insulation*

---

[2] District Courts in the Sixth Circuit have followed the Fifth Circuit's interpretation of the requirement of a
"direct" interest to intervene as of right:
> The interest required to intervene as of right is a "direct" interest, but an interest is not direct when it is contingent on the outcome of a subsequent lawsuit. An insurer who defends its insured under a full reservation of rights provides a defense in the liability action, but reserves the right to contest coverage later. When an insurer defends under a full reservation of rights, their interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit. That interest, without more, *is insufficient for intervention*.

*InfraSource Constr. Serv., LLC v. E&M Piping, LLC,* No. 1:12CV0261, 2012 U.S. Dist. LEXIS 199244 * 13, 2012 WL 13026852 (N.D. Ohio Sept. 27, 2012) (quoting *Ross v. Marshall*, 456 F. 3d 442, 443 (5th Cir. 2006), cert. denied, 549 U.S. 1166 (2007)) (emphasis added).

7

*Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11CV1074, 2012 U.S. Dist. LEXIS 25081 * 4-6, 2012 WL 645996 (N.D. Ohio Feb. 28, 2012) (holding the insurer's interest was not direct because it was limited to how much the insurer would have to pay, which in turn was entirely contingent on future events – *i.e.*, the plaintiff's success, and a determination of the insurer's duties under the policy).

Acuity has not accepted coverage for any of its insureds' conduct. Instead, it has issued a reservation of rights as to defense and indemnity. Acuity's intervention is improper and permitting intervention will place Acuity in the control seat of Plaintiff's lawsuit. Intervention would require Plaintiff to argue legal theories, contract interpretation, burdens of proof, and other issues related to Acuity's policies, arguments and issues that are completely irrelevant to Plaintiff's civil claim. To further illustrate, Acuity stated in its brief that "[t]here are numerous allegations in the Complaint, which if proven by Plaintiff, would result in insurance coverage being excluded," which suggests it intends to argue every point of coverage, despite its claim that it seeks to intervene only for the limited purpose of submitting jury interrogatories.[3] Dkt. 94 at 7. Moreover, Acuity's proposed intervenor complaint clearly seeks "Declaratory Judgment" under Count 1 and states "the parties have a dispute concerning the existence and limitation of coverage under the policy." Dkt. 94-1 at ¶ 35. The proposed declaratory action does not even mention jury interrogatories, as it asks the Court to declare that "Acuity has no duty to defend nor indemnify the Best Western Defendants for the allegations in the Complaint." *Id.*

Accordingly, Acuity's only real interest is how much it may be required to pay for defense and coverage. *See Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11CV1074, 2012 U.S. Dist. LEXIS 25081 * 4-6, 2012 WL 645996 (N.D. Ohio Feb. 28, 2012) (holding the

---

[3] Acuity also refers to seeking "declaratory judgment" against Plaintiff, which belies its contention that it seeks to intervene only to participate at trial by submitting jury interrogatories. Dkt. 94 at 9.

8

insurer's interest was not direct because it was limited to how much the insurer would have to pay, which in turn was entirely contingent on future events -- *i.e.*, the plaintiff's success, and a determination of the insurer's duties under the policy). But such questions of coverage and indemnity are collateral matters; they are not the kind of direct interest contemplated under Fed. R. Civ. P. 24(a) and the law of this Circuit. Acuity's request to intervene should accordingly be denied.

### 3. Acuity's Ability to Protect Its Interest Will Not Be Impaired By Its Absence

Acuity's ability to protect its interests will not be impaired without intervention. An insurer does not claim the kind of interest contemplated under this element. *See Travelers*, 884 F.2d at 638; *see also* Fed. R. Civ. P. 24(a)(2). In short, the assertion that coverage might not exist is not properly considered part of the subject of an action which goes to liability. *See Konica Minolta Bus. Sols*, 2018 U.S. Dist. LEXIS 81619, *10 (relying on *Travelers*, 884 F.2d at 640, and finding the insurer's interest is derivative for purposes of Rule 24(a)). To permit intervention where coverage is in dispute would allow an insurer to "interfere with and in effect control the defense." *Travelers*, at 639.

Acuity cites *Howell v. Richardson,* 45 Ohio St.3d 365, 544 N.E.2d 878 (1989*)* to support its position. *See* Dkt. 94 at 5. But *Howell* actually supports the denial of Acuity's request for intervention under the circumstances presented here. The *Howell* case makes clear that where an insurer has sought to intervene and been denied, collateral estoppel will not prevent it from separately seeking to protect its interests through an action for declaratory relief. *See Gehm v. Timberline Post & Frame*, 861 N.E. 2d 519 (2007) (citing *Howell* and holding that "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues."). Thus, Acuity does not need to intervene in this lawsuit in order to protect its

9

interests. Acuity's contention that Plaintiff "may attempt to steer any judgment into insurance coverage" has no basis. Accordingly, the Court should deny Acuity's motion to intervene.

### B. Acuity Cannot Establish Grounds For Permissive Intervention

As stated *supra*, Acuity's Motion to Intervene is untimely and therefore should be denied on that basis alone. Assuming timeliness, *arguendo*, Acuity's motion still fails because no common questions of law or fact exist sufficient to warrant permissive intervention.

Pursuant to Fed. R. Civ. P. 24(b), "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." However, when considering a motion to intervene, a court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *See* Fed. R. Civ. P. 24(b)(3). Once those two requirements are met, the district court must then balance undue delay and prejudice to the original parties. *Frank Betz Associates, Inc. v. J.O. Clark Construction, L.L.C.*, 3:08CV00159, 2010 U.S. Dist. LEXIS 55193 * 3, 2010 WL 2375871 (M.D. Tenn. Jun. 4, 2010) (quoting *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Even assuming that "common questions of law or fact exist," intervention should be denied when the insurer provides a defense under a reservation of rights as a conflict is created and the parties are unduly prejudiced by the interjection of new issues. *Id*. at 3; *Krancevic v. McPherson,* No. 84511, 2004 WL 2931012 at *2 (Ohio. Ct. App. Dec. 16, 2004).

"Even a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010). Simply put, Acuity's dispute related to insurance coverage does not share common questions of law or fact

10

with this lawsuit which relates to the human suffering caused by sex trafficking. Acuity's dispute with Defendants Lorain-Elyria Motel and Best Western International is a contract dispute. This prospective business dispute is wholly unrelated to this human rights matter and the Court should therefore deny Acuity's motion.

Adding a declaratory judgment action interjects "a number of new issues as to which discovery and motion practice would cause considerable delay in the proceedings between the existing parties." *Krancevic*, 2004 WL 2931012 at *2. Courts have allowed intervention for the limited purpose of requesting that if the action is tried, written questions and interrogatories be submitted to the jury, *but only* after the insurer had previously filed a separate declaratory judgment." *Id.* (emphasis added). Acuity has not done this, even though it claims it seeks to only submit jury interrogatories should Plaintiff's case proceed to trial. There is no question that permitting Acuity to intervene will cause delay and substantial prejudice to Plaintiff. Adding a declaratory judgment action to an already sensitive and complex case will necessarily interject wholly separate areas of law and fact, multiple additional parties, and policies and agreements which are irrelevant to the ultimate issue in Plaintiff's TVPRA claims. These unnecessary interjections would require substantial time, energy, and delay to dispute and discover. Essentially, the Plaintiff would be conflicted between proving her TVPRA claim under one set of laws and coverage under other laws. Therefore, Acuity's allegations of common fact and law, if permitted, will be highly prejudicial to Plaintiff and cause undue delays, and permissive intervention should be denied.

## CONCLUSION

Acuity has failed to meet its burden to establish a basis for intervention either by right or permissively. Accordingly, this Honorable Court should deny Acuity's request to intervene and enter an Order denying the Motion To Intervene filed by Acuity, A Mutual Insurance Company.

Dated: September 4, 2020              Respectfully submitted,

*/s/ Tiffany R. Ellis*
Tiffany R. Ellis
WEITZ & LUXENBERG, P.C.
3011 w. Grand Blvd.
24th Floor
Detroit, MI 48202
tellis@weitzlux.com
Phone: 313-800-4170
Fax: 646-293-7992

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020 a copy of the foregoing has been filed through CM-ECF and thereby served on all counsel of record.

*/s/ Tiffany R. Ellis*
Tiffany R. Ellis, Esq.