**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE S.W., an individual | ) | Case No. 2:19-cv-1194 |
| | ) | |
| Plaintiff, | ) | Judge Algenon L. Marbley |
| | ) | |
| vs. | ) | <u>DEFENDANT LORAIN-ELYRIA</u> |
| | ) | <u>MOTEL'S BRIEF IN OPPOSITION</u> |
| LORAIN-ELYRIA MOTEL, INC., et. al., | ) | <u>TO ACUITY, A MUTUAL</u> |
| | ) | <u>INSURANCE COMPANY'S</u> |
| Defendants. | ) | <u>MOTION TO INTERVENE</u> |
| | ) | |

NOW COMES the Defendant, Lorain-Elyria Motel, Inc. ("Lorain-Elyria"), by and through the undersigned counsel, and submits the following limited objection to the Motion to Intervene filed by Acuity, A Mutual Insurance Company ("Acuity") (ECF #94). In support of its Opposition to Acuity's Motion to Intervene, the Defendant provides the following law and argument.

**<u>INTRODUCTION</u>**

Acuity seeks intervention in this matter pursuant to Fed. R. Civ. P. 24(a) and (b). While asserting that its intervention is solely to present jury interrogatories at trial, Acuity's proposed intervenor complaint seeks declaratory relief that would expand this matter beyond its scope. (ECF #94-1 at ¶ 5). Acuity defends Lorain-Elyria in this suit under its policy, subject to a reservation of rights. (ECF #94 at 3). Undersigned counsel has appeared in this action solely with regard to Acuity's motion to intervene; and not in substitution of counsel defending Lorain-Elyria under a reservation of rights. Lorain-Elyria's limited objection to Acuity's motion is not a rejection of Acuity's defense and indemnity under its reservation of rights. Acuity's interests in the underlying action are already adequately protected by competent defense counsel assigned to defend Lorain-Elyria on the underlying merits of the Plaintiffs' claims. Allowing Acuity to intervene in order to

seek declaratory relief as set forth in its proposed pleading is unnecessary and, in the end, prejudicial. Acuity's limited interest will not be impaired by its absence.

## I. Background

The Plaintiff's complaint alleges that Plaintiff is a victim and survivor of sex trafficking within the meaning of the Trafficking Victim Protection Reauthorization Act ("the TVPRA"), 18 U.S.C. § 1591 *et seq.* (ECF #1 at ¶ 4). Section 1595 of the statute provides the private right of action for victims of human trafficking against its perpetrators and beneficiaries that Plaintiff here asserts against Lorain-Elyria. 18 U.S.C. § 1595(a). Plaintiff alleges that based on incidences of sex trafficking from across the country and its relationship with Best Western, Lorain-Elyria is on notice and knew or should have known that it participated in a venture involving sex trafficking. (ECF #1 ¶¶ 66-79).

Acuity's relationship to the Lorain-Elyria arises from insurance policies that it issued to Lorain-Elyria from June 27, 2016 to June 27, 2017, and June 27, 2017, to June 27, 2018. Intentional acts are not covered "occurrences" under the Acuity policy, including expected or intended injury. Acuity nominally seeks intervention for the limited purpose of submitting jury interrogatories in the event the case goes to trial. (ECF # 94 at 5). Its Intervenor Complaint, however, says nothing of jury interrogatories and instead seeks a declaration from the Court that Acuity has no duty to defend nor indemnify Lorain-Elyria for the allegations in the complaint. (ECF #94-1 at 9).

## II. Standard of Review

Rule 24(b)(1) permits a court to allow anyone to intervene who (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1). Rule 24(b)(3) provides guidance to

the Court, mandating that "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  Per Rule 24, the motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.  Fed. R. Civ. P. 24(c).

Permissive intervention pursuant to Rule 24(b) allows "the district court [to] operate[] within a 'zone of discretion' when deciding whether to allow intervention." *League of Women Voters of Mich. V. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018).  Despite this "zone of discretion," the district court must "except where the basis for the decision is obvious in light of the record, provide enough of an explanation for its decision to enable [the Court of Appeals] to conduct meaningful review." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

### III. Argument

Acuity does not meet its burden for intervening as of right or by permission.  Acuity's Motion to Intervene is untimely, and accordingly it should not be granted intervention as of right. Even assuming that Acuity's motion was timely for the sake of argument, Acuity cannot show that it has a substantial legal interest in the matter; that it will be impaired from protecting that interest if it is not granted intervention; or that its interests would be inadequately represented by the parties already before this Court such that it must be granted intervention as of right.

If permitted to intervene, Acuity would only serve to complicate the issues in the case, cause undue delay to its resolution, and unfairly prejudice Defendant Lorain-Elyria. Determinations of the "rights and other legal relations of the parties to the insurance policy at issue," as sought by Acuity (ECF #94-1 at 9), are not within the scope of this litigation and would only bring about prejudicial confusion of the issues critical to the underlying case.

A. <u>Acuity is Not Entitled to Intervention as of Right</u>

The Sixth Circuit uses the four-element test from *Blount-Hill* to determine whether a moving party is entitled to intervention as of right. *Blount-Hill*, 636 F.3d at 283. The movant-intervenor must establish: (1) that the motion to intervene is timely; (2) that it involves a substantial legal interest; (3) that the intervenor's ability to protect its interests will be impaired without intervention; and (4) that the existing parties do not adequately represent the intervenor's interests. *Id.* Failure to meet any single element defeats intervention as of right. *Id.* As discussed below, Acuity fails to meet these elements.

1. *Acuity's Motion is Not Timely*

The Sixth Circuit identifies five factors to determine the timeliness of a motion to intervene:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill*, 636 F.3d at 284 (citing *Jansen v. City of Cincinnati*, 904 F.2d 335, 340 (6th Cir. 1990)).

Acuity's motion comes at a time where the case has progressed too far for the intervention to be timely. The motion to intervene was filed nearly a year and a half after the Plaintiff's complaint. Rather than explain the delay behind the motion to intervene, Acuity claims that the case has not significantly progressed. *See* (ECF # 94 at 7). Acuity makes this assertion in the face of scheduling orders, including expert dates, (ECF #70 & #95) and rulings on two motions to dismiss (ECF #77). *See J4 Productions, Inc. v. Splash Dogs, LLC*, 2010 WL 1839036, at *3 (S.D.

Ohio 2010) (denying intervention where intervenor insurance company filed motion one year after case was transferred to appropriate venue).

### 2. *Acuity Has No Substantial Legal Interest*

The "substantial legal interest" required by the Sixth Circuit's intervention as of right test must be a "direct" interest. *Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, 2018 WL 2225360 at *3 (S.D. Ohio 2018) (citations omitted). Whether the intervening insurance company has a "direct" interest in the litigation depends on if the insurer admits that the claim at issue is covered. *Id.*

> There can be no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question. When the insurer offers to defend the insured but reserves the right to deny coverage, however, the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue.

*Id.* (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989)). Where an intervenor has no more than a contingent interest in the underlying action, many courts have routinely denied intervention. *See J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 WL 1839036 at *3 (S.D. Ohio 2010); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc.*, 2002 WL 32073073 (N.D. Ind. 2002); *Restor-A-Dent Dental Lab., Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871 (2nd Cir. 1984).

Acuity's interest in the underlying case here is contingent, like the interests of the intervenors in the above-cited cases. It follows, therefore, that Acuity does not have a substantial legal interest in the matter. Acuity acknowledges the contingency of its interest in its motion to intervene: "any judgment will need to be tested via Jury Interrogatories concerning whether or not all or part of such judgment is covered under the Acuity policy." (ECF #94 at 5). Where an insurer's only interest was in the amount it might owe the insured—not in the underlying action—

and where the insurer's interest was contingent on both a determination that the defendant was liable and that the insurer had a duty to indemnify the defendant under the insurance policy, the insurance company does not have a substantial legal interest to require intervention as of right. *Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, 2012 WL 645996 at *1-2 (N.D. Ohio 2012) ("The subject matter of the underlying action, alleged violations of the TCPA, has nothing to do with [the insurer's] interest.  [The insurer's] interest is simply 'the amount it will have to pay' . . . if the Plaintiffs win.") (citing *Restor-A-Dent Dental Lab., Inc. v. Certified Alloy Products*, 725 F.2d 871 (2nd Cir. 1984); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989)).

In its motion to intervene, Acuity admits that "both [Lorain-Elyria and Best Western] are being defended pursuant to reservation of rights letters."  (ECF #94 at 3).  Acuity's only interest in this dispute is whether and how much it may be required to pay for defense and coverage of its insured.  *See Siding and Insulation Co.*, 2012 WL 645996 at *1-2.  These questions do not go to the heart of the Plaintiff's underlying TVPRA claim and are only collateral issues of coverage and indemnity.  Like the insurers in the cases cited, Acuity has no substantial legal interest to protect in this matter as required by Rule 24(a) and its motion to intervene should accordingly be denied.

### 3.  *Acuity's Ability to Protect its Collateral Interest Will Not be Impaired*

Acuity's ability to protect its interests, contrary to its argument, will not be impaired if it is denied intervention.  By disputing that coverage exists, Acuity's interest in this matter is contingent on its outcome, collateral, and not direct. *See Konica Minolta*, 2018 WL 2225360 at *4 (relying on *Travelers*, 884 F.2d at 638.).  To "allow[] the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense.  Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured

liability and grant the insurer a 'double bite at escaping liability.'" *Travelers Indem. Co.*, 884 F.2d at 639 (quoting *United Services Auto. Ass'n v. Morris*, 741 P.2d 246 (Ariz. 1987)).

Acuity cites *Howell v. Richardson*, 544 N.E.2d 878 (Ohio 1989), as precluding such a "double bite" by the doctrine of collateral estoppel, but *Howell* actually supports the denial of intervention by Acuity under these circumstances. In *Howell*, the insurance company involved did not pursue any intervention in the underlying tort claim arising from an automobile accident. On appeal in a subsequent action, it contended that an ethical dilemma would arise relating to the competing interests of defending the insured and trying to characterize his acts as negligent, and the interest of the insurance company as characterizing the acts as intentional and therefore outside of coverage, if it was to represent the tortfeasor in the original action determining liability. *Id.* at 881.

The Court found the contended dilemma avoidable because it could have intervened in the underlying tort action and participated as a third-party defendant to defeat its liability to its insured. It held that "it is this opportunity [to intervene in the original action] that must be seized. Otherwise, whether seized or not, the opportunity to litigate in the original action will preclude relitigation of liability in the supplemental proceeding." *Id.* Stated differently: as long as the insurer moves to intervene in the underlying proceeding to determine liability, it will not be precluded from supplemental litigation by collateral estoppel, whether the intervention is granted or denied. *See Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523-24 (Ohio 2007) (treating insurance company's misconstruction of *Howell* and holding "When a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues.").

Because collateral estoppel will not bar Acuity from litigating the coverage issue in a subsequent lawsuit, its ability to protect its own contingent interest in the amount it will have to

pay if Lorain-Elyria is held liable is not impaired by its absence from these proceedings. Accordingly, Defendant Lorain-Elyria respectfully requests that the Court deny intervention by Acuity.

      B.  <u>Permissive Intervention is Inappropriate and Would be Prejudicial</u>

As indicated above, Acuity's Motion to Intervene is untimely and should be denied on that basis alone. Assuming, for the sake of argument, that the motion is considered timely filed, Acuity's motion still fails because there are no questions of law or fact to warrant permissive intervention.

The Sixth Circuit holds that where the proposed intervenor's action would inject unrelated issues into the current phase of the underlying proceedings, the District Court rightly observed that permitting intervention would have prejudiced the original parties. *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). By seeking a declaratory judgment for a contract dispute, Acuity would be injecting issues wholly unrelated to the underlying TVPRA claims.

This Court holds that "even a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, 2010 WL 2670853 at *3 (S.D. Ohio 2010). Acuity's dispute with Lorain-Elyria is a matter of contract interpretation, whereas the underlying dispute is an issue of alleged sex trafficking.

Acuity's introduction of a declaratory judgment claim over coverage adds "a number of new issues as to which discovery and motion practice would cause considerable delay in the proceedings between the existing parties." *Krancevic v. McPherson*, 2004 WL 293012 at *2 (Ohio Ct. App. 2004). Courts have allowed intervention for the limited purpose of introducing jury

interrogatories at trial, but only after the insurer had previously filed a separate declaratory judgment.

Acuity has not previously filed a separate declaratory judgment action, and, based on its intervenor complaint, does not move to intervene merely for the limited purpose of introducing jury interrogatories at trial. (ECF #94-1 at ¶¶ 34-36). Further, to allow Acuity to intervene would unfairly prejudice Lorain-Elyria, who faces the very real risk of an uninsured liability, and grant the insurer a "double bite at escaping liability," by allowing it to intervene now to bolster the Plaintiff's case to establish Lorain-Elyria's alleged conduct as falling outside of coverage, and to seek a declaratory judgment after the current case if it resolves in the Defendants' favor. To avoid this prejudice, Lorain-Elyria respectfully requests that this Court deny Acuity's Motion to Intervene.

## **CONCLUSION**

Acuity has failed to meet its burden to establish a basis for intervention either by right or permissively. Accordingly, this Honorable Court should deny Acuity's Motion to Intervene and enter an Order denying the Motion to Intervene filed by Acuity, A Mutual Insurance Company.

Respectfully submitted,

/s/ Stephen M. Bales
Stephen M. Bales (0003380)
Brian F. Kampman (0092386)
Ziegler Metzger LLP
1111 Superior Avenue – Suite 1000
Cleveland, OH 44114
(216) 781-5470 | (216) 781-0714 (fax)
sbales@zieglermetzger.com
bkampman@zieglermetzger.com
*Attorneys for Defendant*
*Lorain-Elyria Motel, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **17th** day of September, 2020, a copy of the foregoing *Brief in Opposition to Intervene* was filed electronically and serviced upon all parties via the Court's system.

/s/ Stephen M. Bales
Stephen M. Bales (0003380)