IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISCTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE S.W., an individual | ) CASE NO.:   2:19-cv-1194 |
| | ) |
| Plaintiff, | ) JUDGE: ALGENON L. MARBLEY |
| | ) |
| vs. | ) |
| | ) |
| LORAIN-ELYRIA MOTEL, INC. d/b/a | ) |
| BEST WESTERN INN, etc., *et al* | ) ACUITY, A MUTUAL INSURANCE |
| | ) COMPANY'S **REPLY** RE: MOTION TO |
| Defendants. | ) INTERVENE AND FILE AN |
| | ) INTERVENOR'S COMPLAINT |
| | ) |
| ACUITY, A MUTUAL INSURANCE | ) |
|    COMPANY | ) |
| | ) |
| Intervenor | ) |

Now comes Intervenor Acuity, A Mutual Insurance Company, by and through counsel, pursuant to Civil Rule 24 of the Federal Rules of Civil Procedure and moves this Court for leave to intervene in the above-captioned matter for the limited purpose of propounding Jury Interrogatories. This Reply is being filed to Plaintiff's Response and Memorandum Doc #99 and Lorain-Elyria Motel's Brief in Opposition Doc #100. The legal and factual grounds supporting this Motion are more fully set for the Brief attached hereto and incorporated herein by reference.

1

Respectfully submitted,

/s/ *William H. Kotar*

James J. Imbrigiotta    (0040317)
William H. Kotar    (0073462)
Attorneys for Intervenor
**GLOWACKI, IMBRIGIOTTA
& DOUCETTE, LPA**
7550 Lucerne Drive, Suite 408
Middleburg Heights, OH 44130
(440) 243-2727
Fax: (440) 243-2636
Email: mail@gidlaw.com

2

**BRIEF**

**I.     ALLEGATIONS & INSURANCE COVERAGE.**

This case concerns alleged sex trafficking of Plaintiff Jane Doe S.W. at various hotels and motels in 2017.  Plaintiff alleges that she was trafficked at the Lorain Elyria Motel Inc.  She further alleges that Best Western International is separately and jointly liable for the sex trafficking that is alleged to have occurred at the Lorain-Elyria Motel.  Acuity Insurance Company ("Acuity") issued a policy of insurance to Lorain Elyria Motel.  Best Western International is being defended pursuant to an additional insured endorsement in the Acuity policy.   Both entities are being defended pursuant to reservation of rights letters.

Acuity filed a motion to intervene and pursuant to Fed. R. Civ. P. 24(c), attached the pleading that set out the claims for which intervention is sought.

Both Plaintiff and Lorain-Elyria (jointly hereinafter "Underlying Parties") oppose Acuity's motion to intervene and they jointly argue the following:

1)     The motion was allegedly not timely filed;

2)     Acuity does not have a substantial legal interest in the case, because Acuity's interest is contingent on the outcome of the underlying case;

3)     Acuity's interests will not be impaired by its (Acuity's) absence;

4)     Acuity cannot establish grounds for permissive intervention.

The Underlying Parties' arguments are without merit as Acuity has demonstrated the elements necessary for intervention herein.

**1)      Acuity's Motion is timely filed.**

The Underlying Parties argue that the motion comes a year and a half after the filing of the Complaint and therefore, the motion is not timely.   However, timeliness is not a matter of merely consulting a calendar. The absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important of these circumstances. Stupak-Thrall v. Glickman, 226 F.3d 467 (6th Cir., 2000).   The determination of whether a motion to intervene is timely "should be evaluated in the context of all relevant circumstances." Stupak-Thrall v. Glickman, 226 F.3d 467 (6th Cir. 2000).   Applying the five factors used by the Sixth Circuit, the factors weigh in favor of Acuity's intervention.   Acuity's involvement would be to propound jury interrogatories.   Therefore, its involvement is minimal.   The court only recently set dates in August; with almost all the pertinent dates set in year 2021.   This is not a situation wherein Acuity is attempting to intervene in the "11th hour."   The case is still in its infancy.   Acuity's involvement would not change the case schedule.   The Underlying Parties allegations concerning prejudice are meritless, as thoroughly understanding the basis of a jury verdict via jury interrogatories can hardly be considered prejudicial.   Accordingly, a weighing of the relevant factors demonstrates that Acuity's application is timely.

**2)      Acuity has a substantial legal interest in the case.**

The Underlying Parties argue that Acuity's interest in the matter "is contingent, not direct – and thus, is also not substantial."   (Plaintiff's Response, Doc #99, Page ID # 799.)   However, cases in the Sixth Circuit are not unanimous in accepting this legal test, as demonstrated by Smith v. Nitschke (In re Nitschke), 2008 Bankr. LEXIS 136 and Perez v. Potts, 2016 U.S. Dist. LEXIS 173545, 2016 WL 11664974, (both permitting insurers to intervene for purposes of litigating coverage issues.)   As discussed by Perez, "(t)here is no definitive ruling from the Court of

Appeals for this circuit on the issue. That means that this Court has a substantial amount of discretion to resolve the issue either way." Id.

As discussed in Acuity's motion to intervene as well as evidenced by the proposed intervenor complaint, there are substantial legal interests concerning whether or not the Defendants acted intentionally as well as the application of various exclusions. These are issues which will be determined by a jury. Further, the Plaintiff alleges that Defendants were willful and alleges an entitlement to punitive damages. Such allegations go directly to the "heart" of insurance coverage, which requires an "occurrence" - an accident - to trigger coverage in the first instance. The argument that Acuity has no common question of law or fact with the case at issue is without merit.

**3) Acuity's interests will be impaired if not permitted intervention.**

Next, the Underlying Parties argue that "contingent" interests are not those protected under Fed. R. Civ. P. 24. As discussed *supra*, "this Court has substantial amount of discretion to resolve the issue either way." Perez, *supra.*

Furthermore, Howell v. Richardson, 45 Ohio St. 3d 365 (1989) and Gehm v. Timberline Post & Frame, 112 Ohio St. 3d 514 (2007), both stand for the proposition that an insurer must seek to intervene in an action or risk the application of the doctrine of collateral estoppel. Clearly, collateral estoppel is a doctrine which operates to impair the interests of those not directly involved in the litigation. Impairing one's ability to re-litigate issues and claims is precisely why the doctrine of collateral estoppel exists. It is evident that neither party to the case adequately represents the Acuity's interests. See Tomcany v. Range Constr., Lake App. No. 2003-L-071, 2004 Ohio 5314, at P33, (holding: the plaintiff and the insured defendant have a common interest in obtaining a general verdict, untested by interrogatories, to preclude the insurer from denying coverage if the

jury finds liability.) Arguments to the contrary ignore the purpose of collateral estoppel and the incentives in litigation.

Also, the Underlying Parties argue that should Acuity be denied intervention, Acuity will not be collaterally estopped under the holdings of Howell and Gehm.  Thus, they argue, Acuity cannot demonstrate that its interests will be impaired. Under this logic, insurers will never be permitted intervention. The Underlying Parties' expansive interpretation has not been adopted by the Courts.   For example, Vasandani v. Dublin Green Condo. Owners' Ass'n, 2014 U.S. Dist. LEXIS 80898, 2014 WL 2695499, which was decided well after both Howell (1989) and Gehm (2007), demonstrates that insurers can intervene post Howell and Gehm.   Acuity's interests can be impaired even if issues can be re-litigated at a later date. Acuity is seeking to intervene to clarify issues surrounding any jury decision. The *mens rea* under which Defendants allegedly acted is at issue in both the underlying matter and for insurance coverage.    There are common questions of both law and fact.

Lastly, under the holding of The Estate of Heintzelman v. Air Experts, Inc. (2010) 126 Ohio St. 3d 138, a declaratory judgment between the insured and insurer is binding upon the plaintiff in a declaratory judgment action only if the declaratory judgment action was initiated by the insured or if the plaintiff participated in the declaratory judgment action.   Plaintiff is proceeding as a Jane Doe, which makes joining her to any separate action impossible. Accordingly, Acuity is properly permitted to intervene in this action.

## 4) It is also proper for the Court to permit Acuity to intervene under Fed. R. Civ. P. 24(b).

When no conditional federal statutory right to intervention exists, the court may permit intervention if the proposed intervenor establishes that the motion for intervention (1) is timely and (2) "has a claim or defense that shares with the main action a common question of law or

fact." United States v. Michigan, 424 F.3d 438 (2005, 6th Cir. Mich).  If the proposed intervenor establishes these two requirements, the court must "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." Id.

As discussed *supra*, the application is timely given the progress of the case at issue. Concerning any alleged "undue delay and prejudice to the original parties", the Underlying Parties make issue of the fact that there is a Complaint for Declaratory Judgment attached to the motion to intervene.   They argue that the pleading is injecting new issues into an already sensitive case. This ignores the clear dictates of the Federal Rules of Civil Procedure.   Third parties who seek to intervene in a federal action must proceed according to Fed. R. Civ. P. 24.   Under section 24(c), it states "… The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Furthermore, there is no requirement that a separate declaratory judgment action be filed. Indeed, if Plaintiff is to be bound by any declaratory judgment filed by Acuity, the law is clear that she must also be a party to that proceeding. The Estate of Heintzelman, *supra*.   See also, Indiana Ins. Co. v. Midwest Maintenance, Inc., 2000 U.S. Dist. LEXIS 645 (wherein under pre – Heintzelman law, Plaintiffs sought intervention into declaratory judgment actions between insureds and insurers arguing they were necessary parties.) Filing a separate declaratory judgment would be duplicative of the action herein and Plaintiff would be required to participate in that action. Therefore, Plaintiffs concern about litigating multiple issues are without merit.   Should a separate declaratory judgment action be filed, she would still be involved in litigating these issues.   Therefore, it is proper for the Court to permit Acuity to intervene in this action.

## II. CONCLUSION

WHEREFORE, for the foregoing reasons, Acuity A Mutual Insurance Company moves this Court for leave to Intervene in this matter for purposes of propounding Jury Interrogatories.

Respectfully submitted,

/s/ *William H. Kotar*

James J. Imbrigiotta    (0040317)
William H. Kotar    (0073462)
Attorneys for Intervenor
**GLOWACKI, IMBRIGIOTTA
& DOUCETTE, LPA**
7550 Lucerne Drive, Suite 408
Middleburg Heights, OH 44130
(440) 243-2727
Fax: (440) 243-2636
Email: mail@gidlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020 a copy of the foregoing was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

/s/ *William H. Kotar*

James J. Imbrigiotta    (0040317)
William H. Kotar    (0073462)
Attorney for Intervenor

8